THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed:
May 30, 2014

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

*In re Michalko*

_____

Serial No. 85584271

_____

Brian R. Gibbons of Brian R. Gibbons PA for Anthony Michalko.

Keri-Marie Cantone, Trademark Examining Attorney, Law Office 104 (Chris Doninger, Managing Attorney).

_____

Before Bergsman, Wellington and Lykos, Administrative Trademark Judges.

Opinion by Bergsman, Administrative Trademark Judge:

Anthony Michalko ("applicant") filed a use-based application to register the mark ASSHOLE REPELLENT, in standard character form, for an "amusement device, namely, a can with a spray top used as a gag gift and sold as a unit," in Class 20.

The Trademark Examining Attorney refused to register applicant's mark under Section 2(a) of the Trademark Act of 1946, 15 U.S.C. § 1052(a), on the ground that applicant's mark is "scandalous and immoral."[1] According to the Trademark

---

[1] Trademark Examining Attorney's Brief, pp. 1-2.

Examining Attorney, the term "Asshole" in the mark is vulgar and the fact that the mark is used to identify a gag gift does not change the vulgar nature of that term. Applicant, on the other hand, contends that the evidence of record is not sufficient to prove that the mark ASSHOLE REPELLENT is so scandalous as to justify the refusal to register. As explained below, we agree with the Trademark Examining Attorney.

Preliminary Issue

Applicant attached what appears to be a second copy of his evidentiary record (602 pages) to his appeal brief. Trademark Rule 2.142(d) reads as follows:

> The record in the application should be complete prior to the filing of an appeal. The Trademark Trial and Appeal Board will ordinarily not consider additional evidence filed with the Board by the appellant or by the examiner after the appeal is filed.

Thus, to the extent that any of the evidence attached to the appeal brief was not previously submitted, it is not timely and we give it no consideration.

Parties to Board cases occasionally seem to be under the impression that attaching previously-filed evidence to a brief and citing to the attachments, rather than to the original submission is a courtesy or a convenience to the Board. It is neither. When considering a case for final disposition, the entire record is readily available to the panel. Because we must determine whether attachments to briefs are properly of record, citation to the attachment requires examination of the attachment and then an attempt to locate the same evidence in the record developed during the prosecution of the application, requiring more time and effort

than would have been necessary if citations directly to the prosecution history were provided. *See also* TBMP § 1203.01 (3d ed. rev.2 2013).

<u>Whether the mark ASSHOLE REPELLENT is scandalous</u>?

A.      <u>Legal standard for determining whether a mark is scandalous</u>.

The determination of whether a mark is scandalous is a conclusion of law based on the underlying facts. *E.g.*, *In re Fox,* 702 F.3d 633, 105 USPQ2d 1247, 1249 (Fed. Cir. 2012). The U.S. Patent and Trademark Office has the burden of proving that a trademark falls within the prohibition of Section 2(a). *Id..* To prove that the mark ASSHOLE REPELLENT is scandalous, it is sufficient if the Examining Attorney shows that the term is vulgar.[2]  *Id.* at 1248; *In re Luxuria s.r.o.,* 100 USPQ2d 1146, 1148 (TTAB 2011). "[T]he threshold for objectionable matter is lower for what can be described as 'scandalous' than for 'obscene.'" *In re McGinley,* 660 F.2d 481, 211 USPQ 668, 673 n.9 (CCPA 1981).

In determining whether a particular designation is scandalous, we must consider the mark in the context of the marketplace as applied to applicant's identified goods. *In re Fox*, 105 USPQ2d at 1248. Furthermore, the analysis must be made (1) from the standpoint of a substantial composite of the general public, and (2) in terms of contemporary attitudes. *Id.*  Thus, even though "the news and entertainment media today [may be] vividly portraying degrees of violence and sexual activity that, while popular today, would have left the average audience of a

---

[2] While the cases define the meaning of scandalous in additional and more comprehensive terms, the word "vulgar" captures the essence of the prohibition against registration and, therefore, we shall use "vulgar" to facilitate our analysis and discussion.

generation ago aghast" [*In re Mavety Media Group Ltd.,* 31 USPQ2d at 1926], there are still terms that are sufficiently vulgar that they fall under the prohibition of Section 2(a). *See In re Tinseltown, Inc.,* 212 USPQ 863, 866 (TTAB 1981) ("the fact that profane words may be uttered more freely does not render them any the less profane"; refusing to register BULLSHIT for personal accessories and clothing). *See also In re Star Belly Stitcher, Inc.,* 107 USPQ2d 2059 (TTAB 2013) (AWSHIT WORKS refused as vulgar); *In re Red Bull GmbH*, 78 USPQ2d 1375 (TTAB 2006) (BULLSHIT again refused as vulgar). While each of these three decisions was decided on its own merits and record relevant to the time of decision, they illustrate the enduring vulgarity of some terms, despite changing times or norms.

B.    The evidence

1.    Dictionary definitions defining the word "asshole" as a "vulgar" reference to "a stupid, incompetent, or detestable person."[3]  The Vocabulary.com website posts the following passage about the definition of the word "asshole":[4]

> *Asshole* is a vulgar (dirty) slang word. Besides the literal meaning, it's a common word for a jerk or idiot.

---

[3] Merriam-Webster Online Dictionary (merriam-webster.com) attached to the May 15, 2012 Office action. *See also* MacMillan Dictionary (macmillandictionary.com) (identifies "asshole" as "offensive"); Yahoo! Education (yahoo.com) (identifies "asshole" as "vulgar slang"); Random House Dictionary posted in Dictionary.com (identifies "asshole" as "vulgar"); Dictionary of American Slang and Colloquial Expressions posted in Dictionary.com (identifies "asshole" as "rude and derogatory"); Slang Search (slangsearch.com) (lists "asshole" under "offensive slang"). All of the foregoing references were attached to the May 15, 2012 Office action. The Collins American English Dictionary (collinsdictionary.com/dictionary/american) identifies "asshole" as "vulgar." (Attached to the November 16, 2012 Office action). Applicant submitted a copy of The Collins English Dictionary (collinsdictionary.com/dictionary/english) that identifies "asshole" as "derogatory." (Attached to the May 16, 2013 response to Office action).

[4] November 16, 2012 Office action.

> If you call someone an *asshole,* they're probably doing something not just stupid and annoying, but mean. Like all slang words and obscenities, this is a word you need to be careful about using. Saying *asshole* in class, in a paper, at a job interview, or even on television could get you in serious trouble. If you're not alone with your buddies, stick to a safer word like *jerk* or *doofus.*

The article identifies the following terms as synonyms for "asshole": SOB, bastard, cocksucker, dickhead, mother fucker, prick, shit, son of a bitch, and whoreson.

2. Retail Store Evidence

a. An excerpt from the Spencer's Gifts website (spencersonline.com) advertising the sale of novelty items displaying messages with the word "asshole" (*e.g.,* "Deluxe Asshole Drinking Card Game," t-shirts with messages such as "If you thought Daddy was an asshole …," and books with "Asshole" in the title such as "Assholes Finish First").[5]

b. A copy of an article posted on the OnMilwaukee.com website, "Local grandma challenges 'smut' at Mayfair Mall" (September 14, 2005). The article reports that a shopper at the Mayfair Mall was raising an issue regarding what she characterized as inappropriate products for sale at many of the stores in the mall, including Spencer's Gifts which featured "overly sexual posters and calendars, and more."[6]

---

[5] November 13, 2012 response to Office action.

[6] November 16, 2012 Office action.

c.     A review of Spencer's Gag Gifts posted on the eHow.com website noted that "[s]ome shirts have extreme and even vulgar messages printed on the front."[7]

3.     The search results for the word "Asshole" in the television news database of Archive.org, "a collection of 350,000 U.S. news programs collected over the last three years with searchable text transcripts," identifying 91 hits on broadcast television.[8]  The television shows listed included "The Daily Show With Jon Stewart" (27 hits), "Frontline" (5 hits), and "Today in Washington" (3 hits).  The submission was only a list; it did not provide any content or context in which the word "asshole" was used.

4.     A list of registered marks that include the word "ass."[9]

5.     The search results for the word "asshole" in the NewsBank database (newsbank.com).[10]   A search in the "Newspapers" database appears to have collected 2,011 references.[11]  The following examples are representative:

a.     *Colorado Daily* (Boulder, CO) (May 9, 2013)

"CU-Boulder grads:  Tips for the real world (don't sleep with the help),"

---

[7] November 16, 2012 Office action.

[8] November 13, 2012 response to Office action.

[9] May 16, 2013 Office action.  There are no registered marks that include the word "asshole."  (November 16, 2012 and July 2, 2013 Office actions).

[10] May 16, 2013 response to Office action.

[11] It is not clear how the numerical results were tabulated.  Also, there are multiple references to the same article.

… credit card.  Then I stopped paying that credit card and Mr. Asshole Credit likes to remind my voicemail four times a day.  Next. …

b.  *The Times Leader* (Wilkes Barre, PA) (March 7, 2012)

 "What would Tucker Max do?"

… Twitter.  Personally, I'd rather know what self-proclaimed asshole Tucker Max would do.  As a fratire writer who ungraciously exited …

c.  *The Willits News* (California) (December 14, 2011)

"LETTER:  Good men doing a tough job"

… police and the city for infringement of their rights.  Being an asshole and being noisy in public are not actionable offenses.  We are …

Applicant also presented similar results of the searches of the newswire, Fox News Channel, CNN and MSNBC databases.

6.  Books with the word "asshole" as part of the title that are advertised for sale by online retailers.[12]  For example, **ASSHOLES:  A THEORY** by Aaron James, **ASSHOLE:  HOW I GOT RICH & HAPPY BY NOT GIVING A DAMN ABOUT ANYONE & HOW YOU CAN, TOO,** by Martin Kihn, and **WAY OF THE ASSHOLE**, by Aaron Lawrence Smith.

7.   A review of the book **THE A-WORD** by Timothy Jay, Ph.D. posted on the *Esquire* magazine website (esquire.com) (June 17, 2008).[13]

**The A-Word**

---

[12] May 16, 2013 response to Office action.

[13] July 2, 2013 Office action.

> Because not even the Ivory Tower can escape profanity, professor [sic] Timothy Jay uses science to take a deeper look at the a-word: Asshole.

*    *    *

> When we ask people in my lab at the Massachusetts College of Liberal Arts to rate how frequently they hear swearwords and how offensive they are, they indicate that *asshole* is moderately frequent and moderately offensive. Not as offensive as *fuck*, but more offensive than *crap*. Men seem less offended by the use of asshole than women. Interestingly, lab results show that informants indicated that they hear *asshole* more frequently than they say it. So somebody's out there saying *asshole* and not admitting it.

C.    <u>Analysis</u>

Considering first the dictionary definitions of record, they overwhelmingly indicate that the term "asshole" is vulgar slang for a contemptible or detestable person. There is nothing about the nature of the goods identified in this application that gives "Asshole" a different meaning from the meaning noted above, nor does applicant contend otherwise. Dictionary definitions alone may be sufficient to establish that a proposed mark comprises scandalous matter, where multiple dictionaries, including at least one standard dictionary, all indicate that a word is vulgar, and the applicant's use of the word is limited to the vulgar meaning of the word. *In re Boulevard Entm't,* 334 F.3d 1336, 67 USPQ2d 1475, 1478 (Fed. Cir. 2003) (holding 1-800-JACK-OFF and JACK OFF scandalous, where all dictionary definitions of "jack-off" were considered vulgar); *In re Star Belly Stitcher*, 107 USPQ2d 2059 at 2062 (stating that dictionary evidence showed that the terms "shit" and "aw shit" are vulgar terms); *Boston Red Sox Baseball Club Ltd. P'ship v.*

*Sherman*, 88 USPQ2d 1581 (TTAB 2008) (sustaining an opposition and finding that SEX ROD was immoral and scandalous under §2(a) based on dictionary definitions designating the term "ROD" as being vulgar, and applicant's admission that SEX ROD had a sexual connotation); *Red Bull,* 78 USPQ2d at 1381-82 (finding multiple dictionary definitions indicating BULLSHIT is "obscene," "vulgar," "usually vulgar," "vulgar slang," or "rude slang" constitute a prima facie showing that the term is offensive to the conscience of a substantial composite of the general public).

The list of third-party registrations consisting of the word "ass" has little, if any, probative value because the term at issue is the word "Asshole" in the mark ASSHOLE REPELLENT, not the word "Ass."

Applicant argues that his database search results demonstrate that widely-read publications such as newspapers, magazines and mainstream television programs use the term "asshole" and that many books use that term as a part of their titles. Applicant concludes that his evidence shows that the word "asshole" is at its worst "impolite."[14] This argument warrants our attention because the use of the word "Asshole" by mainstream media may, depending upon the context of use, suggest that the term may not now be considered as vulgar as it once was. In other words, applicant contends that though "asshole" might once have been scandalous, under modern standards of usage it is not.

---

[14] Applicant's Brief, pp. 3-4.

We consider the increased use of profanity in the analysis of whether a term is scandalous. As we have previously expressed, a term does not lose its profane meaning simply because it may be used more frequently.

> We do not say that there has not been an increase in the amount of usage of profanities in our contemporary society and a diminution of the social inhibitions to such usage. No person blessed with the gift of hearing can fail to be cognizant of this much freer use of obscenities in contemporary America. Neither is it our function to moralize about this trend. However, the fact that profane words may be uttered more freely does not render them any the less profane. Nor does this fact amend the statute by which we are required to determine the registrability of such matter as marks.

*In re Tinseltown, Inc.,* 212 at 866. *See also In re Red Bull GmbH,* 78 USPQ2d at 1382 where the Board cited to the analysis in *Tinseltown* with approval.

The dictionary definitions noted above referring to the vulgarity of the term "asshole," "represent an effort to distill the collective understanding of the community with respect to language and thus clearly constitute more than a reflection of the individual views of either the examining attorney or the dictionary editors." *In re Boulevard Entertainment, Inc.,* 67 USPQ2d at 1478. Further, supporting the collective understanding of the word "Asshole" as being vulgar is Professor Jay's study of that term as a swearword and the Vocabulary.com posting advising that "Asshole" "is a word you need to be careful about using."

The evidence of record is sufficient to establish *prima facie* that the term "Asshole" is vulgar and offensive to the conscience of a substantial composite of the general public and applicant's evidence does not overcome the examining attorney's

*prima facie* showing. Therefore, we find that applicant's mark consists of or comprises scandalous matter.

**Decision**: The refusal to register under Section 2(a) of the Trademark Act is affirmed.